Case 1:23-cv-00058   Document 31   Filed on 12/29/23 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
December 29, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CARLOS MORALES, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-cv-58 |
| | § | |
| ALLSTATE VEHICLE & | § | |
| PROPERTY INSURANCE COMPANY, | § | |
|     Defendant. | § | |

## REPORT AND RECOMMENDATION ON DISMISSAL OF COMPLAINT

**I. Synopsis**

On March 10, 2023, Carlos Morales and Marisela Campa (collectively "Plaintiffs") filed suit in the 103rd Judicial District Court of Cameron County, Texas. Dkt. No. 1-3. Plaintiffs sued Allstate Vehicle and Property Insurance Company ("Allstate"). *Id.* On April 19, 2023, Allstate filed a Notice of Removal of the instant action to the United States District Court for the Southern District of Texas, Brownsville Division. Dkt. No. 1. As relevant here, the Plaintiffs sued for breach of contract, breach of good faith and fair dealing, and violations of the Texas Insurance Code. Dkt. No. 1-3., pp. 3-6.

This matter is before the United States Magistrate Judge for a Report and Recommendation on the Court's October 23, 2023, Show Cause Order, wherein the Court directed Plaintiffs to show cause for failure to notify the Court of their intention to proceed as unrepresented plaintiffs or represented by counsel. Dkt. No. 18. Following this failure to respond, the Court held a Show Cause hearing on November 8, 2023, to allow Plaintiffs an opportunity to present themselves before the Court. Dkt. No. 23. Plaintiffs failed to appear at the Show Cause hearing, and as of the date of signing, Plaintiffs failed to respond to the Court's Show Cause Order.

After reviewing the record and the relevant caselaw, it is RECOMMENDED that this case be DISMISSED, without prejudice, for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). As Plaintiffs have

1

missed deadlines and disregarded court orders, the undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.

## II. Procedural Background

On March 10, 2023, Carlos Morales and Marisela Campa (collectively "Plaintiffs") filed suit against Allstate Vehicle and Property Insurance Company ("Allstate") in the 103rd Judicial District Court of Cameron County, Texas. Dkt. No. 1-3. Plaintiffs' claims pertain to real property located in Cameron County, Texas and a related homeowner's insurance policy issued by the defendant. *Id.* Plaintiffs' state court petition asserts claims for breach of contract, breach of good faith and fair dealing, and violations of the Texas Insurance Code. *Id.*

On April 19, 2023, Allstate filed a Notice of Removal of the instant action to the United States District Court for the Southern Division of Texas, Brownsville Division. Dkt. No. 1.

On June 5, 2023, the Court ordered the parties to file their Joint Discovery and Case Management Plan with a proposed scheduling order no later than June 30, 2023. Dkt. No. 4. Parties complied and submitted these documents jointly through defense counsel on June 21, 2023. Dkt. Nos. 5, 6.

On June 22, 2023, the Court issued a Scheduling Order for the instant case. Dkt. No. 7.

On August 24, 2023, attorney for the Plaintiffs, Robert Pollom, filed an Unopposed Motion to Withdraw as representative counsel for both Plaintiffs, citing a breakdown in communication. Dkt. No. 8.

On August 31, 2023, the Court set the matter for hearing on September 13, 2023. Dkt. No. 9. Attorney Pollom was directed to provide notice of the Court's Order Setting Hearing to the Plaintiffs directly and file proof of such notice to the Court before the hearing date. *Id.* No such notice was provided to the Court. All parties were ordered to file notice of intention to appear via videoconference if they would not be physically present at the hearing. *Id.* Both Allstate and Attorney Pollom appropriately notified the Court that they would be appearing electronically. Dkt. Nos. 10, 11.

On September 13, 2023, Attorney Pollom and Defendant Allstate appeared via videoconference for the hearing on Pollom's Motion to Withdraw. However, the hearing was reset for October 4, 2023, as the Court was unable to determine if Plaintiffs had proper notice of the hearing and Attorney Pollom's intent to withdraw as counsel. Dkt. No. 12. Attorney Pollom was again ordered to provide notice of the new hearing date to Plaintiffs and file proof of notice with the Court.

On October 4, 2023, Notice of Service of the Court's Order was provided to the Court through Attorney Pollom. Dkt. No. 13. Later that day, the Court held the scheduled hearing on the Motion to Withdraw. At the hearing, Attorney Pollom generally testified that the Plaintiffs were unresponsive to all forms of communication and were unwilling to engage meaningfully in the prosecution of their claims. *See* Minute Entry dated October 4, 2023.

On October 5, 2023, the Court found good cause to support the requested motion to withdraw and issued an Order Granting the Motion to Withdraw. Dkt. No. 14. In addition to granting withdrawal, the Order contained specific directions to the Plaintiffs to either "(1) have a licensed attorney file a notice of appearance on their behalf; or (2) file a statement with the Court indicating that they intend to proceed pro se and that they will cooperate with all Court orders" by October 19, 2023. *Id.* at 3. The Court directed the District Clerk to send a copy of the Order to the Plaintiffs via certified mail. *Id.* Attorney Pollom was also ordered to send a copy of the Order via all of his previously utilized methods of communication to the Plaintiffs. *Id.* The Court received notice of Attorney Pollom's compliance in sending the Order Granting the Motion to Withdraw to the Plaintiffs. Dkt. No. 17.

On October 23, 2023, the Court issued an Order to Show Cause on Failure to Notify Court and comply with the directions included in the previous order granting withdrawal. Dkt. No. 18. Plaintiffs were ordered to file a written response by October 30, 2023, explaining their reasons for non-compliance and specify their representation election. *Id.* at 2. The Court also warned Plaintiffs that failure to actively participate in the lawsuit may

result in dismissal of their claims under Rule 41(b) of the Federal Rules of Civil Procedure. *Id.*

On October 27, 2023, the Court received notice via a certified mail receipt that Plaintiffs had proper notice of the Court's Order to Show Cause on Failure to Notify the Court. Dkt. Nos. 21, 22.

On October 31, 2023, in the absence of responses to the Court's previous orders, the Court scheduled an in-person Show Cause Hearing allowing an option for videoconference for November 7, 2023. Dkt. No. 23. The Court again warned Plaintiffs of the possibility of a recommendation for dismissal under Rule 41(b). *Id.* The Court received notice via certified mail receipt that Plaintiffs had notice of the scheduled hearing. Dkt. Nos. 29, 30.

On November 8, 2023, the Court held the Show Cause Hearing. The case was called. Defendant Allstate appeared videoconference. Plaintiffs did not appear physically or via videoconference. *See* Minute Entry dated November 8, 2023.

As of the date of this Report and Recommendation, the Court has yet to receive any communication from the Plaintiffs. Additionally, there are no pending motions in this case.

**III. Applicable Law**

Under Rule 41(b) of the Federal Rules of Civil Procedure, the Court may act to involuntarily dismiss an action "if the plaintiff fails to prosecute or comply with these rules or a court order." Courts should be "appropriately lenient," with pro se litigants, but "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle,* 660 F.2d 592, 593(5th Cir. 1981). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs." *Link v. Wabash R. R. Co.*, 370 U.S. 626, 631, 82 S. Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars." *Id.* at 630. Rule 41(b) dismissals are reviewed for abuse of discretion. *Rogers v. Kroger Co.,* 669 F.2d 317, 320 (5th Cir.1982).

## IV. Analysis

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Plaintiffs' lawsuit should be dismissed without prejudice for failure to prosecute or comply with a court order. The Court finds this is the appropriate sanction, lessor than dismissal with prejudice. As detailed above, Plaintiffs failed to comply with multiple orders from the Court, including an order to appear before the Court. Dkt. No. 12 (Hearing on Motion to Withdraw); Dkt. No. 14 (Notice of Representation); Dkt. No. 18 (Show Cause Order); Dkt. No. 23 (Show Cause Hearing). The Court informed Plaintiffs of their obligation to "actively participate in this lawsuit, including attending hearings and comply with Court Orders" and warned that failure to comply "may result in dismissal of their claims for failure to prosecute under Rule 41(b)." Dkt. Nos. 18, 23.  All hearings held in this case were open to the public in the physical courtroom and via videoconferencing, yet Plaintiffs remained conspicuously absent. "The Court is not required to delay the disposition of this case until such time, if ever, as Plaintiff decides to comply with the Court's orders." *McMillan v. Colvin*, No. 3:12-CV-4729-N-BN, 2013 WL 5637378 (N.D. Tex. Oct. 15, 2013).

A Rule 41(b) dismissal with prejudice may not be issued unless: (1) "there is a clear record of delay or contumacious conduct by the plaintiff" and (2) "the district court has expressly determined that lesser sanctions would not prompt more diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).  "[W]here a plaintiff has failed only to comply with a few court orders or rules," there is "no clear record of delay or contumacious conduct," but such a record may exist where the plaintiff "has failed to comply with several court orders or court rules." *Id.* at n.6.  When considering dismissal with prejudice, the Court should also consider if any "aggravating factors" are present: "delay caused by the plaintiff and not their attorney," "actual prejudice to the defendant," or "delay caused by intentional conduct." *Id.* at 1191 (cleaned up).

As to the existence of a record of delay or contumacious conduct, the Court finds that the Plaintiff's repeatedly failed to comply with the court orders. However, this non-compliance does not raise to the level of contumacious conduct creating unnecessary delay,

5

because the delays span only a few months. The Court also finds that any procedural delay is the result of Plaintiff's own action and inaction, constituting the presence of an aggravating factor.

The Court finds that lesser sanctions, including additional warnings or orders to pay attorney's fees or a fine would not prompt diligent prosecution. The Plaintiffs' have failed to communicate with both their own attorney while represented and with the Court after their attorney's withdrawal. While represented, the Plaintiffs' participated in a Rule 26(f) scheduling conference. Dkt. No. 5. Since that time, there is no evidence demonstrating their intent to continue with the development of their claims or otherwise participate in active discovery. Therefore, sanctions lesser than dismissal would be futile at this time. *McMillan v. Colvin*, No. 3:12–CV–4729, 2013 WL 5637378, at *2 (N.D. Tex. Oct. 15, 2013) (finding lesser sanctions would be futile and a dismissal with prejudice was warranted where the plaintiff failed to respond to the court's orders despite a warning that failure to respond may result in dismissal of her case, and where she had not taken any action in the case in the past thirteen months). Ultimately, though, the lack of severe contumacious conduct and the availability of an alternative remedy, form the basis of the Court's recommendation for dismissal without prejudice.

In summary, considering Plaintiffs' failure to comply with multiple court orders, failure to appear at pre-trial hearings, and failure to prosecute or otherwise participate in their case constitute a record of delay. The Court's repeated warnings and other factors indicate that dismissal without prejudice is the appropriate sanction.

## V. Recommendation

It is recommended that this action be dismissed, without prejudice, for failure to prosecute and failure to comply with a court order.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with United States District Judge Fernando Rodriguez, Jr. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general

objections. *Battle v. United States Parole Comm'n*, 834 F. 2d 419, 421 (5th Cir. 1987). This Report and Recommendation shall serve as notice of the Plaintiffs' procedural defaults, and the objections period shall serve as opportunity to respond to these defects. *Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018).

Plaintiffs' may file written objections to this Report and Recommendation by delivering them in person or by United States Postal Service to United States District Clerk at 600 E. Harrison Street, Brownsville, Texas 78520.

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a *de novo* review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a *de novo* review of the record, the parties may not attack those findings on appeals, except on the grounds of plaint error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F. 3d 243, 248 (5th Cir. 2017).

The Clerk of Court is DIRECTED to mail a copy of this Report and Recommendation by United States Postal Service via certified mail, return receipt requested, to each Plaintiffs' address of record.

Signed on December 29, 2023.

*Karen Betancourt*
Karen Betancourt
United States Magistrate Judge