Case 1:23-cv-00058   Document 38   Filed on 02/07/24 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
February 07, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CARLOS MORALES, *et al.*, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 1:23-CV-058 |
| ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

# ORDER

In March 2023, Plaintiffs Carlos Morales and Marisela Campa initiated this lawsuit in a Texas state court, bringing suit against Defendant Allstate Vehicle & Property Insurance Company. Allstate removed the matter to this Court. (Notice of Removal, Doc. 1) The Court now considers whether to adopt a Magistrate Judge's recommendation to dismiss Plaintiffs' claims.

## I.

In August of last year, counsel for Plaintiffs filed a motion to withdraw, citing a complete breakdown in communication with his clients. (Motion, Doc. 8) Over the next several months, a United States Magistrate Judge held multiple hearings and took steps to provide Plaintiffs an opportunity to appear and demonstrate their desire to continue with the prosecution of their lawsuit. Those efforts proved unsuccessful. As a result, in December, the Magistrate Judge recommended that the Court dismiss Plaintiffs' causes of action without prejudice for want of prosecution and for failing to comply with court Orders. (R&R, Doc. 31) The Magistrate Judge considered whether the recommended dismissal should be with prejudice, but found that Plaintiffs' conduct at that time did not satisfy the higher standard required for such a dismissal. (*Id.* at 5–6)

The Clerk's Office used certified mail to deliver the Report and Recommendation to Plaintiffs, utilizing their address on record. (*See* Minute Entry, Docs. 32 and 33)  The mailings were returned as unclaimed and as unable to forward.[1] (*See id.* at Docs. 36 and 37)

As no party filed objections to the Report and Recommendation, the Court reviews it for clear error. *See* FED. R. CIV. P. 72(b)(3), Advisory Comm. Note (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## II.

The Court finds no clear error in the Report and Recommendation's conclusion that Plaintiffs' causes of action should be dismissed without prejudice for want of prosecution and the failure to comply with court Orders.  A federal district court may *sua sponte* dismiss an action on such grounds, and may do so without prejudice. FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

The Court also considers, however, whether the statute of limitations would prevent Plaintiffs from refiling their complaint.  If so, then a dismissal without prejudice would be the equivalent of a dismissal with prejudice. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).  If the statute of limitations would "arguably" bar future litigation, courts must consider whether the dismissal meets the higher standard for dismissal with prejudice. *Collins v. Stalder*, 236 Fed. App'x 29, 30 (5th Cir. 2007).

A court may dismiss a case with prejudice under Rule 41 if there is a "clear record of delay or contumacious conduct by the plaintiff" and "where lesser sanctions would not serve the best interests of justice." *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018).  Additionally, the court must consider certain "aggravating" factors, such as "(1) the extent to which the plaintiff, as

---

[1] In October 2023, Plaintiffs received certified mail at these addresses. (*See id.* at Doc. 21 and 22)

distinguished from his counsel, was personally responsible for the delay, (2) the degree of actual prejudice to the defendant, and (3) whether the delay was the result of intentional conduct." *Id.*

In the present matter, the record does not permit the Court to determine if the statute of limitations would prevent Plaintiffs from refiling their case. Plaintiffs allege that Allstate wrongfully denied their homeowners insurance claim for windstorm damage, but do not indicate when the windstorm occurred or when Allstate denied their claim. (*See* Orig. Pet., Doc. 1–3) As a result, the Court cannot ascertain when Plaintiffs' claim accrued, precluding a determination of whether the statute of limitations has expired on any cause of action. Out of an abundance of caution, the Court will assume that the statute of limitations has "arguably" expired as to Plaintiffs' claims.

Based on the record, the Court concludes that the standard for dismissal with prejudice has been met. Plaintiffs' own conduct demonstrates a clear record of delay. They ceased communicating with their attorney, necessitating counsel to withdraw from the case. (Transcript, Doc. 35, 10-11) They failed to comply with the Magistrate Judge's October 23 Order, which the record reflects they received and which provided them with the opportunity to show cause for their failure to comply with previous Orders. In effect, Plaintiffs have abandoned this lawsuit for more than six months. Their absence leaves the record silent as to any reason to justify their conduct. *See Mastronardi v. Wells Fargo Bank*, 653 Fed. App'x 356, 358 (5th Cir. 2016) (explaining that a district court does not abuse its discretion by dismissing a case with prejudice under Rule 41(b) "when a plaintiff provided no explanation for his inaction on a case").

The Magistrate Judge afforded Plaintiffs with lesser sanctions, to no avail. *See id.* (characterizing a show-cause order as a lesser sanction) (citing *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985)). And aggravating factors weigh in favor of dismissal with prejudice. Not only have Plaintiffs ceased all contact, including with their counsel, but their delay has prejudiced Allstate in its defense against the claims. *See Alaniz v. Sirius Int'l*

*Ins. Corp.*, 626 Fed. App'x 73, 77 (5th Cir. 2015) (noting that insurance companies are prejudiced when they cannot gain immediate access to damaged property because the evidence will be altered over time); *see also Riojas v. Wells Fargo Bank, N.A.*, No. 2:14-CV-371, 2017 WL 2861426, at *5 (S.D. Tex. July 5, 2017) (explaining that delay is attributable to plaintiffs when they cease all communication, including with counsel). Indeed, Plaintiffs are no longer receiving mail at the address they have on record with the Court, and at which they previously received mail relevant to this lawsuit. As a result, the Court has no ability to communicate with them. These factors support dismissal with prejudice. *See Robinson v. Home Depot USA Inc.*, 478 Fed. App'x 820, 824 (5th Cir. 2012) (affirming dismissal with prejudice when "two of the 'aggravating factors' were met").

In summary, the Court agrees with the Magistrate Judge's recommendation and will dismiss Plaintiffs' claims without prejudice. In addition, the Court finds that if the statute of limitations has expired as to Plaintiffs' causes of action, their conduct satisfies the higher standard for dismissal with prejudice.

### III.

For these reasons, the Court **ADOPTS** the Report and Recommendation (Doc. 31), to the extent explained in this Order. It is:

**ORDERED** that the causes of action alleged by Plaintiffs Carlos Morales and Marisela Campa against Defendant Allstate Vehicle & Property Insurance Company are **DISMISSED WITHOUT PREJUDICE**.

Each party shall be responsible for its own fees and costs. The Clerk of Court is directed to close this case.

Signed on February 7, 2024.

_____
Fernando Rodriguez, Jr.
United States District Judge